UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Walter Hoskins, III,                                   Case No.  4:14-cv-02734

          Petitioner

v.                                                     MEMORANDUM OPINION
                                                            AND ORDER

Warden, FCI Elkton,

          Respondent

### BACKGROUND AND HISTORY

*Pro se* Petitioner Walter Hoskins, III filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  Hoskins was convicted in January 2006 in the United States District Court for the Northern District of Iowa on charges of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e).  He was identified as an armed career criminal and was subject to a sentencing enhancement pursuant to 18 U.S.C. § 924(e).  As grounds for habeas relief, he asserts: (1) his Fourth Amendment rights were violated by an unreasonable search and seizure; (2) the "good faith exception" should not be used to allow illegally obtained evidence to be used at trial; (3) principles of comity and the Full Faith and Credit Clause create a federal policy to encourage police to obtain evidence illegally; and (4) state authorities denied him due process and equal protection by allowing the federal government to prosecute him.  He asks me to vacate his conviction and sentence and order the District Court for the Northern District of Iowa to conduct a

suppression hearing for evidence obtained from Petitioner's house. For the reasons set forth below, the Petition is denied and this action is dismissed.

Petitioner was indicted in the United States District Court for the Northern District of Iowa on charges of being a felon in possession of a firearm. *See United States v. Hoskins*, No. 6:05-cr-02035-LRR-1 (N.D. Iowa indict. filed October 27, 2005)(Reade, J.). At the time of his arrest, he was on parole for three state drug offenses. He was found guilty of the charge on January 31, 2006. Based on his prior drug convictions, Petitioner's presentence report identified him as an armed career criminal which subjected him to a sentencing enhancement. He was sentenced on July 28, 2006, to 235 months in prison and five years of supervised release. This sentence was ordered to be served consecutive to his undischarged terms of imprisonment for his three state court convictions.

Petitioner, through counsel, filed an appeal of his conviction and sentence to the United States Eighth Circuit Court of Appeals. Counsel later withdrew and submitted an *Anders* brief. The Eighth Circuit affirmed his conviction on November 30, 2007. Petitioner filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255 on June 25, 2008. The District Court denied his motion and denied him a certificate of appealability on May 2, 2011. He appealed that decision and the Eighth Circuit also denied him a certificate of appealability.

Petitioner then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Central District of Illinois. *See Hoskins v. Rios*, No. 12-1046 (C.D. Ill. Feb. 15. 2013). He asserted four grounds for relief which the Court distilled into two claims: (1) he is actually innocent of the armed career criminal enhancement because one or more of his prior convictions do not qualify as a violent felony under *Begay v. United States*, 553 U.S. 137 (2008); and (2) he received ineffective assistance of counsel because his attorney filed an *Anders* brief rather than challenging two of his predicate convictions. The court denied that petition on February 15, 2013.

2

Petitioner filed a second petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this District Court.  *See Hoskins v. Coakley*, No. 4:13 CV 1632 (N.D. Ohio Jan. 22, 2014)(Adams, J.).  In that petition, he asserted that his sentence enhancement was contrary to the Supreme Court's recent decisions in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Descamps v. United States*, 133 S.Ct. 2276 (2013).  United States District Judge John R. Adams determined that these cases were not applicable to Petitioner's case, did not establish his "actual innocence" and thus he could not challenge his conviction in a § 2241 petition.

Undeterred, Petitioner has now filed a third petition for a writ of habeas corpus under 28 U.S.C. § 2241.  He asserts four grounds for relief challenging his conviction: (1) his Fourth Amendment rights were violated by an unreasonable search and seizure; (2) the "good faith exception" should not be used to allow illegally obtained evidence to be used at trial; (3) principles of comity and the Full Faith and Credit Clause create a federal policy to encourage police to obtain evidence illegally; and (4) state authorities denied him due process and equal protection by allowing the federal government to prosecute him.

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'"  *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)).  Because Hoskins is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  However, I may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief.  *Hilton v.*

3

*Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding

district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

Moreover, petitions under 28 U.S.C. § 2241 may only be used by a federal prisoner seeking

to challenge the execution or manner in which his sentence is served. *Capaldi v. Pontesso*, 135 F.3d

1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v.

United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Federal prisoners seeking to challenge their

convictions or imposition of their sentences must pursue relief under 28 U.S.C. § 2255. *Cohen v.

United States*, 593 F.2d 766, 770 (6th Cir. 1979). The remedy afforded under § 2241 is not an

additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*,

86 F.3d 164, 166 (10th Cir. 1996). Petitioner cannot assert claims in a § 2241 petition to challenge

his conviction if he has been unsuccessful in obtaining relief on direct appeal or in a § 2255 motion

to vacate.

Section 2255 contains a "safety valve" provision which permits a federal prisoner to

challenge his conviction or the imposition of his sentence, if it appears that the remedy afforded

under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v.

Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is beyond

question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain

relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(per curiam).

The § 2255 remedy does not become inadequate or ineffective just because § 2255 relief has already

been denied, because the petitioner is procedurally barred from pursuing relief under § 2255, or

because the petitioner has been denied permission to file a second or successive motion to vacate.

*Id.*

In fact, to fit within any arguable construction of the savings clause, a petitioner must show

an intervening change in the law that establishes his actual innocence. *United States v. Peterman*, 249

4

F.3d 458, 462 (6th Cir. 2001). A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his sentence is valid. Actual innocence suggests an intervening change in the law that establishes a prisoner's actual innocence of a crime. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 462. Secondly, "actual innocence means factual innocence, rather than mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, Petitioner must point to a decision holding a substantive criminal statute no longer reaches certain conduct, i.e, that he stands convicted of "an act that the law does not make criminal." *Bousely*, 523 U.S. at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). *See, e.g., Bailey v. United States*, 516 U.S. 137 (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

This is Petitioner's third § 2241 petition. He challenged his conviction and sentence in his two prior petitions. Both times, he was told by the District Court that § 2241 relief was not available to challenge his conviction or his sentence unless he could demonstrate an intervening change in the law that made it no longer a crime to be a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Petitioner does not even attempt to argue an intervening change in the law in this Petition. He simply states, "[t]he § 2241 habeas corpus is the embodiment of the Great Writ, and, through the Savings Clause of the law, is able to reach this claim, whereas § 2255 cannot." (Doc. No. 1 at 5). This is not sufficient to demonstrate his claims fall within the narrow exception of the safety valve provision of § 2255. Petitioner clearly challenges his conviction and sentence. He cannot obtain this relief under § 2241.

## CONCLUSION

Accordingly, Petitioner's application to proceed *in forma pauperis* is granted and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied. This action is dismissed

pursuant to 28 U.S.C. § 2243.  Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/Jeffrey J. Helmick
United States District Judge